Kristapor Vartanian (SBN 275378)
kvartanian@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
515 S. Flower Street
36th Floor
Los Angeles, CA 90071
Tel.: (213) 493-3980

Attorneys for Defendants
HEARTLAND PAYMENT SYSTEMS, LLC and
HEARTLAND PAYMENT SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE E. BACCAY, on behalf of herself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEARTLAND PAYMENT SYSTEMS, LLC, a Delaware limited liability company; HEARTLAND PAYMENT SOLUTIONS, INC., a Delaware corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS HEARTLAND PAYMENT SYSTEMS, LLC AND HEARTLAND PAYMENT SOLUTIONS, INC.'S NOTICE OF REMOVAL (PURSUANT TO FEDERAL QUESTION JURISDICTION AND CLASS ACTION FAIRNESS ACT)** |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1453, and 1446, Defendants Heartland Payment Systems, LLC ("Heartland Systems") and Heartland Payment Solutions, Inc. ("Heartland Solutions") (collectively, "Defendants"), hereby remove this action, and state as follows:

1. This action was filed in the Superior Court of the State of California for the County of Sacramento on May 22, 2017.

2. Heartland Systems and Heartland Solutions are the only named defendants relevant for the purposes of removal. *See* 28 U.S.C. § 1441(b)(1) ("the citizenship of defendants sued under fictitious names shall be disregarded").

3. Without waiving any defenses regarding service of process (or lack thereof), Defendants state that they were served with and received notice of this action on June 5, 2017, when they were served with the Complaint. (*See* Service of Process Transmittal (Exhibit A at 1); *see also* Declaration of Devin Parrish ("Parrish Decl.") ¶ 3 (Exhibit B); Exhibit C (at Proofs of Service).) Hence, Defendants have timely filed this Notice of Removal pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of receipt by, and such service on, Defendants of the Complaint.

4. On information and belief, named plaintiff Josephine Baccay ("Plaintiff" or "Baccay") is a citizen of California.

5. Heartland Systems is a limited liability company organized under the laws of Delaware with its principal place of business in Georgia. Heartland Systems' sole member is Global Payments Inc., which is a Georgia corporation with its principal place of business in Georgia. (Parrish Decl. ¶ 4.) Thus, Heartland Systems is a citizen of Georgia. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

6. Heartland Solutions is a Delaware corporation with its principal place of business in Georgia. (Parrish Decl. ¶ 5.) Thus, Heartland Solutions is a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c)(1).

7. Baccay alleges that Defendants have willfully violated the Fair Credit Reporting Act ("FCRA") (Compl. ¶¶ 34, 35, 38); the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Compl. ¶¶ 55, 57); and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Compl. ¶ 69). Baccay also claims that Defendants violated California's Business and Professions Code, Section 17200. (Compl. ¶¶ 73–85.) Defendants deny Baccay's allegations.

8. Baccay purports to bring this action on behalf of three classes of plaintiffs:

    A. "All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period beginning five years prior to

the filing of this action and ending on the date that final judgment is entered in this action." (Compl. ¶ 11(A) (FCRA Class).)

  B. "All of Defendants' current, former, and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into [sic] this action." (Compl. ¶ 11(B) (ICRAA Class).)

  C. "All of Defendant's [sic] current, former, and prospective applicants for employment in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action." (Compl. ¶ 11(C) (CCRAA Class).)

9. Jurisdiction is proper in this court under 28 U.S.C. § 1331 because the Complaint asserts a federal question cause of action over which this Court has original jurisdiction. Specifically, Baccay has asserted a claim for violations of the FCRA, a federal statute. (Compl. ¶¶ 20–41.)

10. Jurisdiction is also proper in this court under the Class Action Fairness Act ("CAFA") because (1) the amount in controversy exceeds $5 million, exclusive of interest and costs; (2) the putative plaintiff class includes more than 100 members; and (3) at least one member of the putative plaintiff class is a citizen of a state different from at least one Defendant. *See* 28 U.S.C. §§ 1332(d), 1453, 1711–15.

11. In the 5 years preceding the filing of the complaint, many of the persons who applied for employment with Heartland Systems are citizens of states other than Delaware or Georgia. (Parrish Decl. ¶ 8.)

12. Baccay defines the putative class as including all current, former and prospective applicants during the five-year period May 22, 2012, until May 22, 2017. (Compl. ¶ 11.) There were over 50,000 applicants during the five-year period May 22, 2012, until May 22, 2017. (Parrish Decl. ¶ 7.) Moreover, during

that same period, Heartland Systems hired over 5,000 individuals (each of whom was an applicant).  (*Id.*)

13.  The putative plaintiff class contains more than 100 members. (*See* Compl. ¶ 13 ("The class members are so numerous that the individual joinder of each individual class member is impractical."); Parrish Decl. ¶ 7.)

14.  Defendants deny that they are liable to Baccay or the putative plaintiff class for any amount of damages.  Without waiving that denial, and solely for the purpose of establishing the amount in controversy, Defendants state that the amount in controversy, excluding interest and costs, exceeds $5 million in the aggregate.

15.  Baccay has alleged willful violations of the FCRA and expressly seeks statutory penalties, civil penalties, punitive damages, and attorneys' fees.  (Compl. ¶¶ 34, 40, Prayer for Relief.)  While Defendants deny that allegation, if they are found to have engaged in willful violations of the FCRA, they are liable for actual damages of "not less than $100 and not more than $1,000" per violation, "such amount of punitive damages as the court may allow," and "reasonable attorney's fees as determined by the court."  15 U.S.C. § 1681n(a)(3) (FCRA).  Given that there have been more than 50,000 applicants during the five years prior to the date the Complaint was filed (Parrish Dec. ¶ 7), even if the minimum penalty of $100 per violation were imposed, the amount in controversy exceeds $5 million.  Further, Baccay has expressly alleged that Defendants acted willfully and are thus subject to the maximum statutory damages of $1,000 per violation. (*See, e.g.*, Compl. ¶¶ 34, 35, 38, 40.)  Thus, given that Heartland Systems and Heartland Solutions hired over 5,000 applicants during the relevant period, the amount in controversy just for the hired applicants exceeds $5 million, *i.e.*, the alleged $1,000 penalty for each of the over 5,000 hired applicants.  Indeed, the $5 million figure does *not* include any attorney's fees Baccay and the putative class can recover under the FCRA, which this Court should consider when determining the amount in controversy.  *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an

1 underlying statute authorizes an award of attorney's fees, either with mandatory or
2 discretionary language, such fees may be included in the amount in controversy.");
3 *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal.
4 2002) (in determining the amount in controversy, the court should consider "a
5 reasonable estimate of fees likely to be recovered).[1]

16. Baccay has also alleged willful violations of the ICRAA and CCRAA. (Compl. ¶¶ 57, 59, 69, 71.) While Defendants deny those allegations, if they are found to have engaged in willful violations of the CCRAA or ICRAA, they are subject to paying actual damages, punitive damages, and attorney's fees. Cal. Civ. Code § 1785.31(a)(2); Cal. Civ. Code § 1786.50(a)(1), (a)(2), (b). These claims, and Baccay's and the putative class' potential recovery thereunder, further increase the amount in controversy above the $5 million threshold.

17. Venue is proper in the Sacramento division of this Court because Baccay filed this action in Sacramento County. *See* 28 U.S.C. § 84(b); L.R. 120 & Appendix A.

18. True and correct copies of all state process, pleadings, and orders are attached hereto as Exhibit C.

19. On the same day they file this notice, Defendants will file with the Clerk of Court for the Superior Court of the State of California for the County of Sacramento a copy of this Notice of Removal, and serve written notice on Plaintiff's counsel of record.

---

[1] Some courts have held that the court should only consider the amount of attorney's fees incurred as of the date of the removal. *See Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, at *4 (N.D. Cal. Oct. 4, 1999). The Ninth Circuit has not resolved this issue.

| | | |
|---|---|---|
| 1 | DATED: July 3, 2017 | KABAT CHAPMAN & OZMER LLP |
| 2 | | /s/ Kristapor Vartanian |
| 3 | | By: _____ |
| | | KRISTAPOR VARTANIAN |
| 4 | | |
| 5 | | Attorneys for Defendants |
| | | HEARTLAND PAYMENT SYSTEMS, LLC |
| 6 | | and HEARTLAND PAYMENT SOLUTIONS, INC. |

NOTICE OF REMOVAL

# PROOF OF SERVICE

## U.S. DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

I am employed in the County of Fulton, State of Georgia; I am over the age of 18 and not a party to the within action; my business address is 171 17th Street NW, Suite 1550, Atlanta, Georgia 30363.

On July 3, 2017, I served the foregoing document(s) described as **DEFENDANTS HEARTLAND PAYMENT SYSTEMS, LLC AND HEARTLAND PAYMENT SOLUTIONS, INC.'S NOTICE OF REMOVAL (PURSUANT TO FEDERAL QUESTION JURISDICTION AND CLASS ACTION FAIRNESS ACT)** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☒ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Atlanta, Georgia. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☒ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on July 3, 2017, at Atlanta, Georgia.

_____
Shirl Washington

**SERVICE LIST**

Shaun Setareh
shaun@setarehlaw.com
Thomas Segal
thomas@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Blvd., Suite 907
Beverly Hills, California 90212

*Attorneys for Plaintiff*