# Exhibit C

6-5-17 @ (40

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court Of California,
Sacramento
05/22/2017
jmora
By_____, Deputy
Case Number:
**34-2017-00212866**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HEARTLAND PAYMENT SYSTEMS, LLC, a Delaware limited
liability company; (Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSEPHINE E. BACCAY, on behalf of herself, all others similarly
situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Gordon D. Schaber County Courthouse<br>720 9th Street<br>Sacramento, California 95814 | CASE NUMBER<br>*(Número del Caso)* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 9454 Wilshire Boulevard, Suite 907, Beverly Hills, California 90212, (310) 888-7771.

| DATE:<br>*(Fecha)* **MAY 2 2 2017** | Clerk, by<br>*(Secretario)* **J. MORA** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [XX] on behalf of *(specify):* HEARTLAND PAYMENT SOLUTIONS, INC.,
a Delaware coporation

under: [XX] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [X] by personal delivery on *(date):* 6-5-17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE:<br>BACCAY v. HEARTLAND PAYMENT SYSTEMS, LLC, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

1 HEARTLAND PAYMENT SOLUTIONS, INC., a Delaware corporation; and DOES 1 to 100, inclusive,



Page  1  of  1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

©COPY

35

**FILED**
**Superior Court Of California,**
**Sacramento**
**05/22/2017**
jmora
By_____, Deputy
Case Number:
**34-2017-00212866**

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
   thomas@setarehlaw.com
3  **SETAREH LAW GROUP**
   9454 Wilshire Boulevard, Suite 907
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff,
   JOSEPHINE E. BACCAY
7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **FOR THE COUNTY OF SACRAMENTO**

11                     **UNLIMITED JURISDICTION**

12

13  JOSEPHINE E. BACCAY, on behalf of herself,    Case No.:
    all others similarly situated,
14                                                **CLASS ACTION**
                 *Plaintiff,*
15                                                **COMPLAINT FOR:**
         vs.
16                                                1. Violation of 15 U.S.C. §§
    HEARTLAND PAYMENT SYSTEMS, LLC, a                1681b(b)(2)(A) (Fair Credit Reporting
17  Delaware limited liability company;              Act);
    HEARTLAND PAYMENT SOLUTIONS, INC.,           2. Violation of California Civil Code §
18  a Delaware corporation; and DOES 1 to 100,      1786 *et seq.* (Investigative Consumer
    inclusive,                                       Reporting Agencies Act)
19                                                3. Violation of California Civil Code §
                 *Defendants.*                       1785 *et seq.* (Consumer Credit
20                                                   Reporting Agencies Act)
                                                  4. Unfair Competition (Bus. & Prof. Code
21                                                   §§ 17200, *et seq.*);

22                                                **JURY TRIAL DEMANDED**

23

24

25

26

27

28

*Baccay v. Heartland Payment Systems, LLC*                    Class Action Complaint

COMES NOW, Plaintiff Josephine E. Baccay (hereafter "Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against defendants Heartland Payment Systems, LLC ("Heartland Payment Systems"), a Delaware limited liability company; Heartland Payment Solutions, Inc. ("Heartland Payment Solutions"), a Delaware corporation; and Does 1 to 100, inclusively (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.      Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3.      Plaintiff, individually and on behalf of all others similarly situated current, former, and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 *et seq.*, the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786, *et seq.*), and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et seq.*).

## PARTIES

4.      Plaintiff was employed by Defendant as a commission only, non-exempt employee working in the State of California from approximately October 10, 2016 through November 28, 2016.

5.      Defendant Heartland Payment Systems is a limited liability company organized and existing under the laws of Delaware and also a citizen of Delaware based on Plaintiff's information and belief.

6.      Defendant Heartland Payment Solutions is a corporation organized and existing

1    under the laws of Delaware and also a citizen of Delaware based on Plaintiff's information and
2    belief.

3        7.      Plaintiff is ignorant of the true names, capacities, relationships, and extent of
4    participation in the conduct alleged herein, of the defendants sued as Does 1 to 100, inclusive,
5    but is informed and believes and thereon alleges that said defendants are legally responsible for
6    the wrongful conduct alleged herein and therefore sues these defendants by such fictitious
7    names.  Plaintiff will amend the Complaint to allege the true names and capacities of the Doe
8    defendants when ascertained.

9        8.      Plaintiff is informed and believes and thereon alleges that, at all relevant times
10   herein, all Defendants were the agents, employees and/or servants, masters or employers of the
11   remaining defendants, and in doing the things hereinafter alleged, were acting within the course
12   and scope of such agency or employment, and with the approval and ratification of each of the
13   other Defendants.

14       9.      Plaintiff alleges that each and every one of the acts and omissions alleged herein
15   were performed by, and/or attributable to, all Defendants, each acting as agents and/or
16   employees, and/or under the direction and control of each of the other defendants, and that said
17   acts and failures to act were within the course and scope of said agency, employment and/or
18   direction and control.

19                                    **CLASS ALLEGATIONS**

20       10.     This action has been brought and may be maintained as a class action pursuant to
21   California Code of Civil Procedure § 382 because there is a well-defined community of interest
22   among the persons who comprise the readily ascertainable classes defined below and because
23   Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class
24   action.

25       11.     **Class Definitions:** The classes are defined as follows:

26       A.      **FCRA Class:** All of Defendants' current, former and prospective
27   applicants for employment in the United States who applied for a job with Defendants at any
28   time during the period beginning five years prior to the filing of this action and ending on the

---

1  date that final judgment is entered in this action.

2      B.      **ICRAA Class:** All of Defendant's current, former, and prospective

3  applicants for employment in California, at any time during the period beginning five years

4  prior to the filing of this action and ending on the date that final judgment is entered into this

5  action.

6      C.      **CCRAA Class:** All of Defendant's current, former, and prospective

7  applicants for employment in California, at any time during the period beginning seven years

8  prior to the filing of this action and ending on the date that final judgment is entered in this

9  action.

10      12.     **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

11  right to amend or modify the class definitions with greater specificity, by further division into

12  subclasses and/or by limitation to particular issues.

13      13.     **Numerosity:** The class members are so numerous that the individual joinder of

14  each individual class member is impractical.  While Plaintiff does not currently know the exact

15  number of class members, Plaintiff is informed and believes that the actual number exceeds the

16  minimum required for numerosity under California law.

17      14.     **Commonality and Predominance:** Common questions of law and fact exist as

18  to all class members and predominate over any questions which affect only individual class

19  members. These questions include, but are not limited to:

20      A.      Whether Defendants failed to comply with the requirements of 15 U.S.C

21          7001 section 101(c)(1)?

22      B.      Wherein Defendants willfully failed to provide the class with stand-alone

23          written disclosures before obtaining a credit or background report in

24          compliance with the statutory mandates?

25      C.      Whether Defendants willfully failed to identify the name, address,

26          telephone number, and/or website of the investigative consumer reporting

27          agency conducting the investigation?

28      D.      Whether Defendants willfully failed to identify the source of the credit

1    report to be performed?

2       E.    Wherein Defendants willfully failed to comply with the FCRA, ICRAA

3           and/or the CRAA?

4    15.    **Typicality:** Plaintiff's claims are typical of the other class members' claims.

5 Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or

6 a lack of a policy which resulted in Defendants failing to comply with the FCRA, ICRAA, and

7 CCRAA as alleged herein.

8    16.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative

9 in that she has no interests that are adverse to, or otherwise in conflict with, the interests of

10 absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of

11 class members. Plaintiff will fairly and adequately represent and protect the interests of class

12 members.

13    17.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in

14 that they have no known conflicts of interest with Plaintiff or absent class members, are

15 experienced in class action litigation and are dedicated to vigorously prosecuting this action on

16 behalf of Plaintiff and absent class members.

17    18.    **Superiority:** A class action is vastly superior to other available means for fair

18 and efficient adjudication of class members' claims and would be beneficial to the parties and

19 the Court. Class action treatment will allow a number of similarly situated persons to

20 simultaneously and efficiently prosecute their common claims in a single forum without the

21 unnecessary duplication of effort and expense that numerous individual actions would entail. In

22 addition, the monetary amounts due to many individual class members are likely to be relatively

23 small and would thus make it difficult, if not impossible, for individual class members to both

24 seek and obtain relief. Moreover, a class action will serve an important public interest by

25 permitting class members to effectively pursue the recovery of monies owed to them. Further, a

26 class action will prevent the potential for inconsistent or contradictory judgments inherent in

27 individual litigation.

28

*Baccay v. Heartland Payment Systems, LLC*        Class Action Complaint

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

19.     When Plaintiff applied for employment with Defendants, Defendants presented her with a disclosure and authorization form that contained extraneous and superfluous language that does not consist solely of the disclosure.

**FIRST CAUSE OF ACTION**

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**

**(15 U.S.C. §§ 1681b(b)(2)(A))**

**(By Plaintiff and the FCRA Class Against All Defendants)**

20.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

21.     Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

22.     Plaintiff and class members are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

23.     Section 1681a(d)(1) of the FCRA defines "consumer report" as

> any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for employment purposes.

Thus a credit and background report qualifies as a consumer report.

24.     Section 1681a(e) of the FCRA defines "investigative consumer report" as:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with whom he is acquainted or who may have knowledge concerning any such items of information.

Thus a credit and background report qualifies as an investigative consumer report.

25.     Section 1681b(b) of the FCRA provides, in relevant part:

> Conditions for furnishing and using consumer reports for employment purposes

> (2) Disclosure to consumer

> (A) In general

> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

    i.  a ***clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that ***consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

    ii.  the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

26.  Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

27.  Because Defendant's disclosures do not meet the requirement of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy the written requirement.

28.  As described above, Plaintiff alleges, on information and belief, that in evaluating her and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

29.  The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents.

30.  Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii). The inclusion of a release and other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

31.  Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document. For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A)] is intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the

disclosure.

32.    The plain language of the statute also clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure. In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information such as a release. In a 1998 opinion letter, the FTC stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist "solely" of the disclosure that a consumer report may be obtained for employment purposes.

33.    In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

34.    By including a release and other extraneous information, Defendants willfully disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate," and thus violates §§ 1681b(b)(2)(A) and 1681d(a).

35.    Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a)    Defendants are a large corporation with access to legal advice;

(b)    Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

(c)    The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

(d)    The FTC's express statements, pre-dating Defendants' conduct, which

1   state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in
2   the FCRA disclosure form.

3          36.     Defendants required a liability release, in the disclosure form, along with other
4   extraneous information, that releases all parties involved from any liability and responsibility
5   for releasing information they have about the Plaintiff to Defendants.

6          37.     Based upon the facts likely to have evidentiary support after a reasonable
7   opportunity for further investigation and discovery, Plaintiff alleges that Defendants have a
8   policy and practice of procuring investigative consumer reports or causing investigative
9   consumer reports to be procured for applicants and employees without informing such
10  applicants of their right to request a summary of their rights under the FCRA at the same time as
11  the disclosure explaining that an investigative consumer report may be made. Pursuant to that
12  policy and practice, Defendants procured investigative consumer reports or caused investigative
13  consumer reports to be procured for Plaintiff and class members, as described above, without
14  informing class members of their rights to request a written summary of their rights under the
15  FCRA.

16         38.     Accordingly, Defendants willfully violated and continue to violate the FCRA
17  including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is
18  reflected by, among other things, the facts set forth above.

19         39.     As a result of Defendants' illegal procurement of credit and background reports
20  by way of their inadequate disclosures, as set forth above, Plaintiff and class members have
21  been injured including, but not limited to, having their privacy and statutory rights invaded in
22  violation of the FCRA.

23         40.     Plaintiff, on behalf of herself and all class members, seeks all available remedies
24  pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive
25  damages, injunctive and equitable relief and attorneys' fees and costs.

26         41.     In the alternative to Plaintiff's allegation that these violations were willful,
27  Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any,
28  under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA

#### (Cal. Civ. Code § 1786 *et seq.*)

#### (By Plaintiff and the ICRAA Class Against All Defendants)

42.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

43.     Defendants are "persons" as defined by Section 1786.2(a) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

44.     Plaintiff and ICRAA Class members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

45.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

> a consumer report in which information on a consumer's character,
>
> general reputation, personal characteristics, or mode of living is obtained
>
> through any means.

46.     Thus a background checks qualifies as an investigative consumer report under the ICRAA

47.     Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

> If, at any time, an investigative consumer report is sought for employment purposes...the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
>
> (B) The person procuring or causing the report to be made provides a *clear and conspicuous* disclosure in writing to the consumer at any time before the report is procured or caused to be made *in a document that consists solely of the disclosure*, that:
>
> > (i) An investigative consumer report may be obtained.
> >
> > (ii) The permissible purpose of the report is identified.
> >
> > (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
> >
> > (iv) Identifies the *name, address, and telephone number of the investigative consumer reporting agency* conducting the investigation.
> >
> > (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.
> >
> > (vi) *Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency* identified in clause (iv), or, *if the agency has no Internet Web site address, the telephone number of the agency*, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with

subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report. (Emphasis added.)

48. As alleged above, because Defendant's disclosures do not meet the requirements of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy Section 1786.16(a)(2) of the ICRAA requirement that the disclosures be made in writing.

49. The Reference Release Form (1) does not clearly and conspicuously state that a consumer report may be obtained for employment purposes; (2) contains extraneous and superfluous language; and (3) contains a liability release.

50. The Driving Record Authorization form purportedly is limited to driving records but the actual language indicates that a consumer report may also be obtained. The Driving Record Authorization form (1) does not state clearly and conspicuously that a consumer report may be obtained for employment purposes due to the misleading title; (2) does not specifically state the identity of the person authorized to procure the consumer report.

51. As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c).

52. Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

53. Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of the Release and other extraneous information, therefore, violates § 1786.16(a)(2)(B) of the ICRAA.

54. The plain language of the statute clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the ICRAA, because such a form would not consist "solely" of the disclosure.

55.    By including the Release and other extraneous information, Defendants willfully violated § 1786.16(a)(2)(B) of the ICRAA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates § 1786.16(a)(2)(B).

56.    Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring background checks or causing background checks to be procured, as described above. Pursuant to that policy and practice, Defendants procured background checks or caused background checks to be procured for Plaintiff and class members without first providing a written disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

57.    Defendants' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(e)    Defendants are large corporations with access to legal advice;

(f)    Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(g)    The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements, and that the disclosure form must contain the name, address, phone number, and/or website address of the investigative consumer reporting agency conducting the investigation.

58.    As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the

1  ICRAA.

2      59.    Plaintiff, on behalf of herself and all class members, seeks all available remedies

3  pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages,

4  punitive damages, and attorneys' fees and costs.

5      60.    In the alternative to Plaintiff's allegation that these violations were willful or

6  grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate

7  remedy, if any, under Cal. Civ. Code § 1786.50(a), including actual damages and attorneys' fees

8  and costs.

9                          **THIRD CAUSE OF ACTION**

10      **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF CCRAA**

11                          **(Cal. Civ. Code § 1785 *et seq.*)**

12              **(By Plaintiff and the CCRAA Class Against All Defendants)**

13      61.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

14      62.    Defendants are "persons" as defined by Section 1785.3(j) of the Consumer

15  Credit Reporting Agencies Act ("CCRAA").

16      63.    Plaintiff and CCRAA Class members are "consumers" within the meaning

17  Section 1785.3(b) of the CCRAA, because they are "natural individuals."

18      64.    Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

19          any written, oral, or other communication of any information by a consumer
            credit reporting agency bearing on a consumer's credit worthiness, credit
20          standing, or credit capacity, which is used or is expected to be used, or collected
            in whole or in part, for the purpose of serving as a factor in establishing the
21          consumer's eligibility for: …(2) employment purposes…

22  Thus a credit report qualifies as a consumer credit report under the CCRAA.

23      65.    Section 1785.20.5(a) of the CCRAA provides, in relevant part:

24          Prior to requesting a consumer credit report for employment purposes, the user of
            the report shall provide written notice to the person involved. The notice shall
25          inform the person that a report will be used, and *shall identify the specific basis*
            *under subdivision (a) of Section 1024.5 of the Labor Code for use of the report.*
26          *The notice shall also inform the person of the source of the report…*

27          (Emphasis added.)

28

66.     As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared consumer credit reports (e.g. credit reports). as defined by Cal. Civ. Code § 1785.3(c).

67.     Accordingly, Defendants' disclosure and authorization did not identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. This omission clearly violates § 1785.20.5(a) of the CCRAA, as delineated above.

68.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above.  Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be procured for Plaintiff and class members without first providing a written notice in compliance with § 1785.20.5(a) of the CCRAA, as described above.

69.     Defendants' conduct in violation of § 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(h)     Defendants are large corporations with access to legal advice;

(i)     Defendants required a purported authorization to perform credit checks in the process of employing the class members which. although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(j)     The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements. and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

70.     As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including,

1  but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

2     71.    Plaintiff, on behalf of herself and all class members, seeks all available remedies

3  pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual damages,

4  punitive damages, injunctive relief, and attorneys' fees and costs.

5     72.    In the alternative to Plaintiff's allegation that these violations were willful,

6  Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any,

7  under Cal. Civ. Code § 1785.31(a)(1), including but not limited to actual damages and

8  attorneys' fees and costs.

9              **FOURTH CAUSE OF ACTION**

10                **UNFAIR COMPETITION**

11            **(Bus. & Prof. Code §§ 17200, *et seq.*)**

12          **(By Plaintiff and FCRA, ICRAA and CCRAA Class)**

13     73.    Plaintiff incorporates the preceding paragraphs of the Complaint as if

14  fully alleged herein.

15     74.    Business and Professions Code section 17200 defines "unfair competition" to

16  include any unlawful business practice.

17     75.    Business and Professions Code sections 17203–17204 allow a person who has

18  lost money or property as a result of unfair competition to bring a class action in accordance

19  with Code of Civil Procedure section 382 to recover money or property that may have been

20  acquired from similarly situated persons by means of unfair competition.

21     76.    Federal and California laws require certain disclosures and proper authorization

22  before conducting background checks and obtaining information from credit and background

23  reports in connection with a hiring process.

24     77.    Plaintiff and the FCRA, ICRAA and CCRAA Class re-alleges and incorporates

25  by reference the FIRST, SECOND, THIRD and FOURTH causes of action herein.

26     78.    Plaintiff lost money or property as a result of the aforementioned unfair

27  competition.

28     79.    Defendants have, or may have, acquired money by means of unfair

1  competition.

2       80.    Defendants have violated Federal and California laws through their policies and

3  practices of, *inter alia*, routinely acquiring consumer, investigative consumer and/or consumer

4  credit reports (referred to collectively as "credit and background reports") to conduct

5  background checks on Plaintiff and other prospective, current and former employees and use

6  information from credit and background reports in connection with their hiring process without

7  providing proper disclosures and obtaining proper authorization in compliance with the law.

8  **Relief Sought**

9       81.    The unlawful conduct of Defendants alleged herein amounts to and

10  constitutes unfair competition within the meaning of Business and Professions Code sections

11  17200, *et seq*. Business and Professions Code section 17200, *et seq*., protects against unfair

12  competition and allows a person who has suffered an injury-in-fact and has lost money or

13  property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on

14  his own behalf and on behalf of other similarly situated persons in a class action proceeding.

15       82.    Plaintiff is informed and believes that other similarly situated persons

16  have been subject to the same unlawful policies or practices of Defendants.

17       83.    Due to its unfair and unlawful business practices in violation of Federal and

18  California laws as alleged herein, Defendants have gained a competitive advantage over other

19  comparable companies doing business in the State of California that comply with their legal

20  obligations.

21       84.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

22  himself and the other members of the **FCRA, ICRAA and CCRAA Class**, seeks declaratory

23  relief and restitution of all monies rightfully belonging to them that Defendants did not pay

24  them or otherwise retained by means of its unlawful and unfair business practices.

25       85.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit

26  doctrine and/or the common fund doctrine, Plaintiff and the other members of the **FCRA**,

27  **ICRAA and CCRAA Class** are entitled to recover reasonable attorneys' fees in connection

28  with their unfair competition claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

        A.  An order that the action be certified as a class action;

        B.  An order that Plaintiff be appointed class representative;

        C.  An order that counsel for Plaintiff be appointed class counsel;

        D.  Statutory penalties;

        E.  Civil penalties;

        F.  Punitive damages;

        G.  Injunctive relief;

        H.  Costs of suit;

        I.  Interest;

        J.  Restitution;

        K.  Reasonable attorneys' fees; and

        L.  Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

Dated: May 16, 2017               SETAREH LAW GROUP

 

**SHAUN SETAREH**
Attorney for Plaintiff,
JOSEPHINE E. BACCAY

---

*Baccay v. Heartland Payment Systems, LLC*        Class Action Complaint

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):<br>~Shaun Setareh, Esq. (SBN 204514)<br>SETAREH LAW GROUP<br>9454 Wilshire Boulevard, Suite 907<br>Beverly Hills, California 90212<br>TELEPHONE NO. (310) 888-7771    FAX NO. (310) 888-0109<br>ATTORNEY FOR (Name): Josephine E. Baccay | FOR COURT USE ONLY<br><br>**FILED**<br>**Superior Court Of California,**<br>**Sacramento**<br>**05/22/2017**<br>jmora<br>By_____, Deputy<br>**Case Number:**<br>**34-2017-00212866** |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS 720 9th Street
MAILING ADDRESS
CITY AND ZIP CODE Sacramento, California 95814
BRANCH NAME Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
BACCAY v. HEARTLAND PAYMENT SYSTEMS, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action (specify): Five (5)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: May 15, 2017

Shaun Setareh, Esq.
_____
(TYPE OR PRINT NAME)



_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

ORIGINAL

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514) <br> SETAREH LAW GROUP <br> 9454 Wilshire Boulevard, Ste. 907 <br> Beverly Hills, CA 90212 <br> TELEPHONE NO.: 310-888-7771    FAX NO. *(Optional)*: 310-888-0109 <br> E-MAIL ADDRESS *(Optional)*: shaun@setarehlaw.com <br> ATTORNEY FOR *(Name)*: Plaintiff JOSEPHINE E. BACCAY | **FILED** <br> **Superior Court Of California,** <br> **Sacramento** <br> **06/12/2017** <br> **lmartinson** <br> **By**_____, **Deputy** <br> **Case Number:** <br> **34-2017-00212866** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO | |
|---|---|
| STREET ADDRESS: 720 9TH STREET <br> MAILING ADDRESS: 720 9TH STREET <br> CITY AND ZIP CODE: SACRAMENTO, CA 95814 <br> BRANCH NAME: Gordon D. Schaber County Courthouse | |

| PLAINTIFF/PETITIONER: JOSEPHINE E. BACCAY | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Heartland Payment Systems, LLC, et al. | 34-2017-00212866 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      Heartland Payment Solutions, Inc., a Delaware corporation

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CT Corporation Systems Inc., Agents for Service, Gladys Aguilar - Process Specialist

4. Address where the party was served:
   818 West 7th Street #930 Los Angeles, CA 90012
5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* June 5th, 2017    (2) at *(time):* 1:40 pm
   b. [ ] **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):* Los Angeles    or [ ] a declaration of mailing is attached.

   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: JOSEPHINE E. BACCAY | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Heartland Payment Systems, LLC, et al. | 34-2017-00212866 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1) on *(date):*  (2) from *(city):*

  (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

  (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

  ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☐  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☑  On behalf of *(specify):*  Heartland Payment Solutions, Inc., a Delaware corporation
  under the following Code of Civil Procedure section:

  ☐  416.10 (corporation)   ☐  415.95 (business organization, form unknown)
  ☐  416.20 (defunct corporation)   ☐  416.60 (minor)
  ☐  416.30 (joint stock company/association)   ☐  416.70 (ward or conservatee)
  ☑  416.40 (association or partnership)   ☐  416.90 (authorized person)
  ☐  416.50 (public entity)   ☐  415.46 (occupant)
  ☐  other:

7.  **Person who served papers**
  a.  Name:  JUDITH SMITH - LA PROCESS SERVERS
  b.  Address:  6775 SANTA MONICA BLVD #4-274 LOS ANGELES, CA 90038
  c.  Telephone number:  323-508-1171
  d.  The fee for service was: $ 55.00
  e.  I am:
  (1)  ☐  not a registered California process server.
  (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
  (3)  ☑  a registered California process server:
  (i)  ☐  owner  ☐  employee  ☑  independent contractor.
  (ii)  Registration No.: 2013100780
  (iii)  County:  LOS ANGELES

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  June 6th, 2017

JUDITH SMITH
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶  _____
(SIGNATURE )

## PROOF OF SERVICE

I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 9454 Wilshire Boulevard, Suite 907 Beverly Hills, CA 90212.

On June 7, 2017, I served the foregoing documents described as:

## PROOF OF SERVICE OF SUMMONS TO DEFENDANT HEARTLAND PAYMENT SOLUTIONS, INC.

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

CT CORPORATION SYSTEMS, INC.
818 West 7th. St. #930
Los Angeles, CA 90012
**Registered agent for defendants Heartland**
**Payment Solutions, Inc., and Heartland**
**Payment Systems, LLC**

## [X]  BY MAIL

I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

## [ ]  BY E-MAIL OR ELECTRONIC TRANSMISSION

Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent to the person(s) listed at the address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

## [ ]  BY FEDERAL EXPRESS

I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for deposit with Federal Express. It is the practice that correspondence is deposited with Federal Express the same day it is submitted for mailing with fees thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party served, service is presumed invalid if date of receipt of the document by Federal Express is more than one day after date of deposit for mailing in affidavit.

**[ ]    BY FACSIMILE MACHINE**

I transmitted from a facsimile transmission machine whose telephone number is (310) 888-0109 to the above-identified recipient and fax telephone number.  The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[ ]    PERSONAL SERVICE**

I delivered the foregoing document by hand delivery to the addressee named above.

**[ ]    BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

I deposited such envelope in the mail at Beverly Hills, California.  The envelope was mailed Certified/Return Receipt Requested with postage thereon fully prepaid. I am readily familiar with the practice of Setareh Law Group for collection and processing of correspondence for mailing with the United States Postal Service.  It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[ ]    FEDERAL** I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 7, 2017, at Beverly Hills, California.

IVAN GONZALEZ

2

**PROOF OF SERVICE**

**ORIGINAL**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514)<br>SETAREH LAW GROUP<br>9454 Wilshire Boulevard, Ste. 907<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 310-888-7771   FAX NO. *(Optional):* 310-888-0109<br>E-MAIL ADDRESS *(Optional):* shaun@setarehlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff JOSEPHINE E. BACCAY | **FILED**<br>**Superior Court Of California,**<br>**Sacramento**<br>**06/12/2017**<br>**lmartinson**<br>**By_____, Deputy**<br>**Case Number:**<br>**34-2017-00212866** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO
STREET ADDRESS:  720 9TH STREET
MAILING ADDRESS:  720 9TH STREET
CITY AND ZIP CODE:  SACRAMENTO, CA 95814
BRANCH NAME:  Gordon D. Schaber County Courthouse

| PLAINTIFF/PETITIONER: JOSEPHINE E. BACCAY | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Heartland Payment Systems, LLC, et al. | 34-2017-00212866 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*

   Heartland Payment Systems, LLC, a Delaware limited liability company

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   CT Corporation Systems Inc., Agents for Service, Gladys Aguilar - Process Specialist

4. Address where the party was served:
   818 West 7th Street #930 Los Angeles, CA 90012

5. I served the party *(check proper box)*
   a. ☑ **by personal service. I** personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* June 5th, 2017   (2) at *(time):* 1:40 pm
   b. ☐ **by substituted service. On** *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):* Los Angeles   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: JOSEPHINE E. BACCAY | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Heartland Payment Systems, LLC, et al. | 34-2017-00212866 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                          (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify):*  Heartland Payment Systems, LLC, a Delaware limited liability company
      under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☑ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7. **Person who served papers**
   a. Name: JUDITH SMITH - LA PROCESS SERVERS
   b. Address: 6775 SANTA MONICA BLVD #4-274 LOS ANGELES, CA 90038
   c. Telephone number: 323-508-1171
   d. **The fee for service was:** $ 15.00
   e. I am:

   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☑ a registered California process server:
      (i) ☐ owner ☐ employee ☑ independent contractor.
      (ii) Registration No.: 2013100780
      (iii) County: LOS ANGELES

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: June 6th, 2017

JUDITH SMITH
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                          ▶         (SIGNATURE )

## **PROOF OF SERVICE**

I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 9454 Wilshire Boulevard, Suite 907 Beverly Hills, CA 90212.

On June 7, 2017, I served the foregoing documents described as:

### **PROOF OF SERVICE OF SUMMONS TO DEFENDANT HEARTLAND PAYMENT SYSTEMS, LLC**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

CT CORPORATION SYSTEMS, INC.
818 West 7th. St. #930
Los Angeles, CA 90012
**Registered agent for defendants Heartland**
**Payment Solutions, Inc., and Heartland**
**Payment Systems, LLC**

### **[X]    BY MAIL**

I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

### **[ ]    BY E-MAIL OR ELECTRONIC TRANSMISSION**

Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent to the person(s) listed at the address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

### **[ ]    BY FEDERAL EXPRESS**

I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for deposit with Federal Express. It is the practice that correspondence is deposited with Federal Express the same day it is submitted for mailing with fees thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party served, service is presumed invalid if date of receipt of the document by Federal Express is more than one day after date of deposit for mailing in affidavit.

**[ ]     BY FACSIMILE MACHINE**

     I transmitted from a facsimile transmission machine whose telephone number is (310) 888-0109 to the above-identified recipient and fax telephone number: The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[ ]     PERSONAL SERVICE**

     I delivered the foregoing document by hand delivery to the addressee named above.

**[ ]     BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

     I deposited such envelope in the mail at Beverly Hills, California.  The envelope was mailed Certified/Return Receipt Requested with postage thereon fully prepaid. I am readily familiar with the practice of Setareh Law Group for collection and processing of correspondence for mailing with the United States Postal Service.  It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]     STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[ ]     FEDERAL**  I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on June 7, 2017, at Beverly Hills, California.


_____
IVAN GONZALEZ

2